## HYNDS et al. v. FIRST STATE BANK OF STONEWALL, OKLA.

No. 15939—Opinion Filed Nov. 3, 1925.

Rehearing Denied Dec. 15, 1925.

1. **Assignments for Benefit of Creditors—Illegal Procedure by Assignee—Invalidity of Sale as to Nonconsenting Creditors.**

   An assignee named in an assignment in trust for the benefit of creditors, who gives no bond, files no inventory of the property or estate, and sells the property at private sale, and makes no attempt to conduct the proceedings as required by law, conveys no title, and creditors who refuse to participate in the proceedings and refuse to accept any of the benefits derived from such proceedings are not bound by the same.

2. **Estoppel—Estoppel in Pais not Allowed as Instrument of Fraud.**

   An estoppel in pais is never allowed to be used as an instrument of fraud, but only to prevent injustice, and it is therefore essential that the party claiming the benefit of the estoppel must have proceeded in good faith.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the First State Bank of Stonewall, Okla., against J. C. Hynds et al. Judgment for plaintiff, and defendants bring error. Affirmed.

B. H. Epperson and Wimbish & Duncan, for plaintiffs in error.

Tom D. McKeown and C. F. Green, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Pontotoc county by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, and was a replevin action for the purpose of recovering possession of certain storehouse fixtures of the alleged value of $630, which plaintiff alleged it had a special ownership in, as the mortgagee in a certain chattel mortgage covering same, duly executed by C. C. Burrows, mortgagor. Said mortgage was executed on October 10, 1921, and filed of record on the 31st day of October, 1921, at 9:00 o'clock a. m. The mortgagor, Burrows, was engaged in the mercantile business at Stonewall, Pontotoc county, and gave the mortgage in question to the plaintiff bank to secure said bank for monies advanced to the said Burrows in conducting his business. Burrows was in a failing condition, and on the 31st day of October, 1921, executed an assignment to one Eugene Miller, an employe or agent of the Oklahoma City Credit Men's Association, and thereafter, pursuant to said assignment, the Oklahoma City Credit Men's Association took possession of the stock of goods and fixtures belonging to C. C. Burrows and sold same to the defendant J. C. Hynds, one of the appellants here, who purchased said stock and fixtures with notice and full knowledge of the mortgage of the appellee, First State Bank of Stonewall.

Upon the trial of the case to the court and jury, on motion of the plaintiff bank, the court directed the jury to find for the plaintiff for a return of the property or the value thereof, and to return a verdict in favor of the defendant Hynds against his codefendant, Oklahoma City Credit Men's Association, for the value of said property as found in their judgment against Hynds. Pursuant to this instruction the jury returned a verdict in favor of plaintiff for the return of the property or its value, placed at $350, and also returned a verdict in favor of Hynds and against the Credit Men's Association for a like sum. Motion for new trial was filed and overruled, and judgment rendered by the court in accord with the verdict of the jury, from which order and judgment the appellant prosecutes this appeal, and assigns various specifications of error, but the principal contention made, and the one we think most material, goes to the action of the court in peremptorily instructing the jury to return a verdict for the plaintiff.

The facts, as disclosed by the record, show that the assignment in trust for the benefit of the creditors and the proceedings had thereunder were in no wise in conformity with the provisions of our statutes. Section 4080, C. S. 1921, requires the

assignee to execute bond for the faithful discharge of the trust, and section 4081 provides:

"Until the inventory and affidavit required by sections 221 and 222 have been made, and the assignment has been duly recorded and the inventory filed, and the assignee has given a bond as required by the last section, an assignee for the benefit of creditors has no authority to dispose of the estate or convert it to the purposes of the trust." (Sections 221 and 222 referred to Rev. Laws 1910, being sections 4074 and 4075, C. S. 1921.)

Section 4882 requires that all of the acts and doings of the assignee shall be under the supervision and control of the district judge. No attempt was made by the assignee in this case to conduct the sale as provided by law.

The appellant Hynds testified in the trial of the case that he went to Stonewall and inspected the stock of goods and fixtures, and telephoned to the Credit Association at Shawnee an offer on same, and after a short time and on the same date they accepted the offer by telephone, and he immediately took possession of the goods and proceeded to dispose of same. This, we think, unquestionably renders the entire proceedings void as against the mortgage creditors.

Section 4073, C. S. 1921, provides:

"An assignee for the benefit of creditors is not to be regarded as a purchaser for value, and has no greater rights than his assignor had, in respect to things in action transferred by the assignment."

And under a proceeding such as was had in this case, it is evident that Hynds, the purchaser at the purported assignment sale, took the property subject to all valid incumbrances against it that could have been enforced against the property in the hands of the owner, Burrows, and there is no question raised as to the validity of this mortgage between the plaintiff bank and Burrows.

Appellants allege and contend that the plaintiff bank is estopped from raising the question of validity of the proceedings by the assignee under the assignment for the benefit of creditors for the reason that a few days subsequent to the execution of same, a representative of the Credit Association conferred with some officer of the bank concerning the matter, and advised the officer or the employe of the bank that unless the bank would agree to the assignment made the business of Burrows would be thrown into bankruptcy and that none of the creditors would derive any benefit therefrom, and further allege that the employe of the bank agreed to abide by the assignment and take his pro rata of the proceeds of said stock and fixtures. This contention might fall with considerable force had the assignee proceeded to wind up the estate as required or provided by law, but in view of the fact that they ignored the law and made no pretense to a compliance therewith, we are of the opinion that if the employe of the bank did make the agreement and if he had been shown to have been authorized to make such an agreement, the bank would not have been bound by the agreement by reason of the failure of the assignee or those in charge of the matter having failed utterly to comply with the law.

In 16 Cyc. 747, the author states:

"An estoppel in pais is never allowed to be used as an instrument of fraud, but only to prevent injustice, and it is therefore essential that the party claiming the benefit of the estoppel must have proceeded in good faith."

In the instant case there is an absence of good faith on the part of those who seek to apply the law of estoppel. The record furthermore discloses by the uncontradicted evidence that the note for which the mortgage, covering the property involved, was given, was not owned by nor in the possession of the First State Bank of Stonewall at the time the alleged agreement was entered into by the employe of the Bank of Stonewall and a representative of the Credit Men's Association, but at that time was owned and in the possession of the M. & P. Bank of Ada, and Mr. Porter, the employe of the plaintiff bank, who is alleged to have made the agreement, was not an officer or connected in any way with the M. & P. Bank, hence the agreement would not be binding, if in fact made. The question of ownership is one of fact for the jury, but in the absence of any evidence contradicting the evidence of the plaintiff on this point, it would not necessarily constitute reversible error. This question, however, is not material in the instant case, in view of the fact that we find that the entire proceedings under the assignment in trust for the benefit of the creditors were void, at least had no binding force or effect as against the plaintiff in this case; and we therefore find that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 5 C. J. pp. 1137, § 172 (Anno); 1199, § 294; 1223, § 344 (Anno). (2) 21 C. J. pp. 1118, § 120, 1138, § 137.